## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
**FILED**

APR 1 5 2025

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| In re: | ) |
| | ) |
| J. C. PENNEY DIRECT MARKETING | ) Chapter 11 |
| SERVICES, LLC, *et al.*,[1] | ) |
| | ) Case No. 20-20184 (CML) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) (Formerly jointly Administered under |
| ERIC LYNDELL MOORE, | ) J.C. Penney Company, Inc., 20-20182) |
| | ) |
| Plaintiff | ) |
| | ) Adversary Proceeding |
| v. | ) |
| | ) No. 24-02006 |
| COPPER PROPERTY CTL PASS THROUGH | ) |
| TRUST, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| PENNEY INTERMEDIATE HOLDINGS LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF WITHDRAWAL OF THE REFERENCE IN A RELATED MATTER AND SUPPLEMENT TO MOTION TO WITHDRAW THE REFERENCE/NOTICE OF INTENT TO SUE JACKSON WALKER LLP AND/OR FORMER JUDGE DAVID R. JONES

To the Honorable Judges of the Bankruptcy Court and District Court:

Plaintiff ERIC L. MOORE ("Plaintiff") submits this Notice of Withdrawal of the Reference in a Related Matter and Supplement to Motion to Withdraw the Reference/Notice of Intent to Sue Jackson Walker and/or Former Judge David R. Jones (the "Notice"). In support of this Notice, Plaintiff states as follows:

### I.   BACKGROUND

1.     On or about March 18, 2025, Plaintiff filed a Demand For Jury Trial and Motion to Withdraw the Reference (Dkt. 16) in the above-referenced adversary proceeding.

---

[1] A complete list of each of the debtors in these chapter 11 cases may be obtained on the website of the debtors' claims and noticing agent at http://cases.primeclerk.com/JCPenney. The location of debtor J.C. Penney Company, Inc.'s principal place of business and the debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Plano, Texas 75024.

2.      <u>Objection to the Motion</u> - On or about March 25, 2025, Defendants filed an Opposition to the Motion for Withdrawal of Reference. (Dkt.20)

## II. SUPPLEMENTAL BASIS FOR WITHDRAWAL OF THE REFERENCE

3.      <u>Notice of Forthcoming Legal Action</u> - This Notice is to inform the court that Defendant Jackson Walker, LLP ("Jackson Walker") and/or former Judge David R. Jones ("Judge Jones") may be sued separately and/or added as parties to the Complaint for Declaratory Judgment (the "Complaint") (Dkt. 1) (Adv. Pro. No. 24-02006). Because Jackson Walker and/or Judge Jones will likely be added as parties to the Complaint and/or sued separately for damages—among other reasons—there is further cause to withdraw the reference in this matter.

4.      <u>Order Withdrawing the Reference in Related Cases</u> - On or about April 9, 2025, Chief United States District Judge Alia Moses, issued an order withdrawing the reference in each of the 34 bankruptcy cases titled *In re: Pro. Fee Matters Concerning the Jackson Walker Law Firm*, Civil Action No. 4:23-CV-4787-AM (Bankr. S.D. Tex.). The order emphasized the necessity of withdrawal to address issues of public trust and confidence in the judicial process.[2]

5.      Judge Moses' order specifically highlights the involvement of the Jackson Walker law firm, Judge Jones, and Elizabeth Freeman, noting that the integrity of the judicial process could be compromised if these cases remained under the purview of the bankruptcy court. The order states, **"<u>The need to re-establish public trust and confidence in the court system alone impels withdrawal in this highly unusual case</u>,"** thereby setting a precedent for similar cases where impartiality and ethical concerns are at stake.

6.      The implications of this order are profound for the above-referenced adversary proceeding. By withdrawing the reference in these related cases, Judge Moses has set a clear

---

[2] The order is attached at Exhibit A.

directive that cases involving similar ethical concerns should be transferred to the district court to ensure a fair and unbiased review. This aligns with the arguments presented in Plaintiff's original motion to withdraw the reference, reinforcing the need for the current case to be heard in an impartial forum.

7.    In light of Judge Moses' order, Plaintiff respectfully urges the court to follow this precedent and grant the withdrawal of the reference in his case (Adv. Pro. No. 24-02006). Doing so will not only align with the directive issued in the Jackson Walker and Judge Jones related cases but also serve to uphold public trust and confidence in the judicial process.

8.    <u>Allegations of Misconduct by Jackson Walker LLP</u> - Defendant Jackson Walker is being sued by the U.S. Trustee's office for the return of legal fees in 34 cases, where the live-in relationship between Jackson Walker attorney Elizabeth Freeman and Judge Jones was concealed.

9.    In the J.C. Penney case, Jackson Walker concealed billions of dollars in estate assets—including cash, real estate, and appraisals—in violation of 18 U.S.C. § 152.

10.    <u>Specific Improper Actions by Jackson Walker</u> - Below is a partial list of the improper actions taken by Defendant Jackson Walker (and upheld by Judge Jones) that caused hundreds of millions in damages to creditors, including Plaintiff, and to the J.C. Penney estate. An impartial court would not have allowed these actions. However, due to the special relationship between Judge Jones and Elizabeth Freeman, Defendant Jackson Walker, as co-counsel for the Debtors in the J.C. Penney bankruptcy, committed multiple breaches of duty, including that they:

> a.    Jackson Walker assisted co-counsel Kirkland & Ellis to secretly steer over $3 Billion in recovery belonging to other creditors, to the DIP Lenders, who were owed only $900 Million.[3] These payments were concealed and the

---

[3] In an email dated 9/11/2020, attorney Joshua Sussberg made it clear that the goal for the Debtors was to overpay the DIP Lenders by as much as possible instead of maximizing recoveries for all creditors pursuant to the absolute priority rule. He wrote, "This is from the Akin group. I am sure this is inconsistent with how

overpayment was not disclosed to the U.S. Trustee or affected creditors, including the PBGC, or to the I.R.S.

b. Failed to provide a liquidating analysis as required by 11 U.S.C. § 1129(a)(7).

c. Asserted in court and to the financial press, that $1.3 Billion in cash would be paid by the OpCo Purchasers (Simon/Brookfield) to satisfy the Debtor's ABL, when in fact, these funds were already held by J.C. Penney.

d. Transferred over $5 billion in assets—including cash and real estate—to Simon/Brookfield, an unsecured creditor, without any outside consideration paid to J.C. Penney or its creditors, while similarly situated creditors in the same class received no recovery, in violation of 11 U.S.C. § 1123(a)(4), which mandates equal treatment of creditors within the same class.

e. Paid $23 Million to the Debtor's investment banker, Lazard, even though Lazard (i) failed to perform even the most basic of services appropriate to the gravity of their role in the bankruptcy proceedings–including failure to produce any valuation of the Debtor's assets–and (ii) alleged that they couldn't get a better sale price than the price the Debtors had already agreed to prior to hiring them.

f. Reported that an auction of the Debtors' assets occurred, when it was actually a private sale (See Dkt. 1814, "Private Sale is appropriate")

g. Signed off on a status update (filed on November 1, 2023)[4] alleging that only $1 Billion was available for distribution to creditors. However, the Purchasers'

---

Brigade has been pushing the recovery to the DIP. We understand the DIP is trading at 170 and the prepetition traded down to 30." (Dkt. 1635-1; attached hereto at Exhibit B) Other measures were taken in an attempt to conceal these improper payments. The parties entered into a "settlement agreement" in which 100% of the J.C. Penney assets were subject to the settlement agreement. (Dkt. 1814) However, this pre-plan settlement failed to comply with the Supreme Court's decisions in *AWECO* and *Jevic*. See *In re AWECO, Inc.*, 725 F.2d 293 (5th Cir. 1984); *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). When this issue was brought to Judge Lopez's attention in Plaintiff's Motion to Enforce (Dkt. 1533), the parties who embezzled these funds objected (Dkts. 1554, 1555). Judge Lopez later ruled that the *Jevic* decision does not apply to this settlement. (See transcript from September 9, 2024 Oral Ruling, Page 19, Lines 4-10 ).
[4] See November 1, 2023, hearing transcript and Case Status Update Report of the same date (Dkt. 1245)

audited financial reports confirm that the amount distributed was actually more than $8 Billion.

h. Argued that $8.4 Billion was an "absolutely ludicrous" valuation of the Debtor's assets on August 19, 2020, just 180 days prior to the alleged Purchasers of those assets documenting that they received over $8.4 Billion in assets from the Debtors.[5]

i. Refused to provide to creditors, or file with the Bankruptcy Court, the distribution dollar amount received by the DIP Lenders.

j. Concealed assets and refused to provide to creditors, or file with the bankruptcy court, the judicially-determined valuation of the PropCo real estate.[6]

k. Maneuvered behind the scenes to select Judge Jones to preside over the J.C. Penney bankruptcy because Judge Isgur was deemed to be a "process hawk." [7]

l. Counseled the Debtors to enter into a Settlement agreement that violates the *AWECO*[8] and *Jevic* decisions.

m. Allowed an undisclosed Uptier Transaction to occur, which secretly distributed billions in assets to the certain 1st lien bondholders, and certain unsecured creditors[9], in violation of the Fifth Circuit's *Serta Simmons* decision and Section 1123(a)(4).

---

[5] This quote is from an attorney at Kirkland & Ellis, Jackson Walker's co-counsel. Jackson Walker conspired with co-counsel Kirkland & Ellis and other firms to coordinate the undisclosed Uptier Transaction under Judge Jones' compromised supervision.

[6] The PropCo real estate was valued at $1.93B by the PropCo Trustee, and the court-ordered distributions were required to align with this valuation. However, defendant Jackson Walker has refused to honor this judicially-determined value in both its reporting and in distribution allocations.

[7] The fact that Judge Jones was the preferred judge to handle the J.C. Penney case came out in texts in the legal matter concerning the clawback of legal fees. (Case No. 23-00645, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*.) See also 10/17/24 Bloomberg article by James Nani, "Judge's Girlfriend Texts Indicate JCPenney Bankruptcy Maneuver"

[8] Finding that pre-plan settlements must comply with the absolute priority rule in re; Aweco 725 F. 2d 293 (5th Cir. 1984)

[9] The unjustly enriched unsecured creditors were Simon Growth Properties and Brookfield Properties who paid zero consideration for over $5 Billion in assets, including cash.

11.     For the reasons set forth above, including the order from Judge Moses—including the serious conflicts of interest, forthcoming legal actions, and the need for impartial adjudication—Plaintiff respectfully requests that the Court withdraw the reference in the above-captioned adversary proceeding.

*[Remainder of page intentionally left blank.]*

Dated: April 15th, 2025

Respectfully submitted,

ERIC L. MOORE

/s/ *Eric L. Moore*

Eric L. Moore
202 Island Avenue
San Diego, CA 92101
Telephone: (336) 671-2193
Email: moorelyndell7@gmail.com

*Pro se*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Eric L. Moore*
Eric L. Moore

## CERTIFICATE OF SERVICE

I hereby certify that on April 15th, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Eric L. Moore*

Eric L. Moore

**MILBANK LLC**

Brian Kinney
Dennis F. Dunne *(admitted pro hac vice)*
Andrew M. LeBlanc *(admitted pro hac vice)*
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
bkinney@milbank.com
ddunne@milbank.com
aleblanc@milbank.com

Counsel for DIP Lenders/Copper Property
Trust (PropCo)

**AKIN GUMP STRAUSS HAUER & FELD**

Marty L. Brimmage, Jr. State Bar No
00793386; S.D. Tex. No. 30464
Lacy M. Lawrence State Bar No. 24055913;
S.D. Tex No 995675
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
mbrimmage@akingump.com
llawrence@akingump.com
Ira S. Dizengoff *(admitted pro hac vice)*
Philip C. Dublin *(admitted pro hac vice)*
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
pdublin@akingump.com

Counsel to Minority DIP Group

**JACKSON WALKER L.L.P.**

Matthew D. Cavenaugh (TX Bar Bo.
24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
mcavenaugh@jw.com
jwertz@jw.com
kpeguero@jw.com
vpolnick@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C. *(admitted pro hac vice)*
Christopher Marcus, P.C. *(admitted pro hac vice)*
Aparna Yenamandra *(admitted pro hac vice)*
Sarah R. Margolis
Michael A. Sloman
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
christopher.marcus@kirkland.com
aparna.yenamandra@kirkland.com
sarah.margolis@kirkland.com
michael.sloman@kirkland.com

Co-Counsel to the Debtors

**FOLEY & LARDNER LLP**

John P. Melko
Jennifer Huckleberry
Harold L. Kaplan
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmelko@foley.com
jhuckleberry@foley.com
hkaplan@foley.com

Counsel for Wilmington Trust

**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE**
**REGION 6**

1100 Commerce Street, Room 976
Dallas, Tx 75242
Telephone: (214) 767-8967
Facsimile: (214) 767-8971
kevin.m.epstein@usdoj.gov

**MILLIE APONTE SALL**
**ASSISTANT U.S. TRUSTEE**

515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650
Facsimile: (713) 718-4670
millie.sall@usdoj.gov

**HECTOR DURAN**
**OFFICE OF THE U.S. TRUSTEE**

515 Rusk St Ste 3516
Houston, TX 77002-2604
Telephone: (713) 718-4664
Hector.Duran.Jr@usdoj.gov

**BRIAN R. HENAULT**
**OFFICE OF THE U.S. TRUSTEE**

515 Rusk St Ste 3516
Houston, TX 77002-2604
Telephone: (713) 718-4653
Facsimile: (713) 718-4670
Brian.R.Henault@usdoj.gov

**GLAS TRUST COMPANY, LLC**

Jeffrey Schoenfeld
Yana Kislenko
Irena Goldstein
3 Second Street, Suite 206
Jersey City, NJ 07311
Telephone: (201) 839-2187
jeffrey.schoenfeld@glas.agency
yana.kislenko@glas.agency
irena.goldstein@glas.agency

Copper Property Trust Trustee

**MCDERMOTT, WILL & EMERY**

Jonathan Levine
One Vanderbilt Avenue
New York, NY 10017-3852
United States of America
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
jlevine@mwe.com

Counsel to Copper Property Trust Trustee

**HILCO JCP, LLC**

Larry Finger
5 Revere Drive, Suite 410
Northbrook, IL 60062
Telephone: (703) 244-4588
lfinger@ctltrust.net

Manager of Copper Property Trust

**THE HONORABLE JUDGE MARVIN ISGUR**

Courtroom 404
515 Rusk
Houston, TX 77002

**HAYNES AND BOONE, LLP**

Ian T. Peck, State Bar No. 24013306
Eli O.Columbus, State Bar No. 24028062
Jordan E. Chavez, State Bar No. 24109883
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
ian.peck@haynesboone.com
eli.columbus@haynesboone.com
jordan.chavez@haynesboone.com

Co-Counsel for the Wind-Down Debtors

**PENNEY INTERMEDIATE HOLDINGS LLC**

% Simon Property Group
Attn: Legal Department
225 West Washington Street
Indianapolis, IN 46204

-and-

% Brookfield Properties
Attn: Legal Department
Brookfield Place New York
250 Vesey Street, 15th Floor
New York, NY 10281
Telephone: (212) 417-7000

Defendant

**SIMON PROPERTY GROUP**

Attn: Legal Department
225 West Washington Street
Indianapolis, IN 46204

Defendant

**BROOKFIELD PROPERTIES**

Attn: Legal Department
Brookfield Place New York
250 Vesey Street, 15th Floor
New York, NY 10281
Telephone: (212) 417-7000

Defendant

**H/2 CAPITAL ADVISORS**

Attn: Legal Department
301 Tresser Boulevard
Suite BSMT
Stamford, CT 06901

**H/2 CAPITAL ADVISORS**

Attn: Legal Department
680 Washington Boulevard
7th Floor
Stamford, CT 06901

**H/2 CAPITAL ADVISORS**

Attn: Agent Ellis F. Rinaldi
% Rinaldi & Associates
Three Pickwick Plaza
Greenwich, CT 06830

**THE HONORABLE ALIA MOSES**

Chief U.S. District Judge
United States District Court
111 East Broadway
Del Rio, TX 78840

# EXHIBIT A

United States District Court
Southern District of Texas
F I L E D
ENTERED
APR 09 2025
Nathan Ochsner, Clerk
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| § | |
| § | |
| **In Re Professional Fee Matters** § | **Civil Action No. 4:23-CV-4787-AM** |
| **Concerning the Jackson Walker Law** § | |
| **Firm** § | |
| § | |

## **MEMORANDUM OPINION AND ORDER**

This joins a constellation of cases concerning the conduct of now-former Chief United

States Bankruptcy Judge David Jones ("Jones"), his relationship with now-former Jackson Walker

LLP ("Jackson Walker") partner Elizabeth Freeman ("Freeman"), and the millions of dollars in

fees he awarded to that and other law firms in major bankruptcy cases.[1] Here, the United States

Trustee, Region 7 for the Southern and Western District of Texas ("UST") seeks disgorgement of

fees that Jones awarded to Jackson Walker in 34 such proceedings.[2]

Pending before the Court is a single consolidated motion styled as the "United States

Trustee's Motion for Withdrawal of the Reference and Referral of Motion for Relief Under

---

[1] *See, e.g.*, *Van Deelen v. Jones et al.*, 4:23-CV-3729-AM (S.D. Tex.); *Bouchard v. Jones et al.*, 4:24-CV-0693-AM (S.D. Tex.).

[2] *See* Bankr. S.D. Tex. Case Nos. 21-30936 (*In re Brilliant Energy, LLC*), 21-90054 (*In re Strike, LLC*), 20-35740 (*In re Seadrill Partners LLC*), 21-90002 (*In re Basic Energy Servs., Inc.*), 20-33233 (*In re Chesapeake Energy Corp.*), 20-33295 (*In re Covia Holdings Corp.*), 20-20184 (*In re J. C. Penney Direct Mktg. Servs. LLC*), 21-31861 (*In re Katerra, Inc.*), 21-30427 (*In re Seadrill Ltd.*), 20-32564 (*In re Stage Stores, Inc.*), 22-90018 (*In re Sungard AS New Holdings, LLC*), 20-34758 (*In re Tug Robert J. Bouchard Corp.*), 18-35672 (*In re Westmoreland Coal Co.*), 20-32021 (*In re Whiting Petroleum Corp.*), 20-35561 (*In re Mule Sky LLC*), 22-50009 (*In re 4E Brands Northamerica LLC*), 22-90129 (*In re Altera Infrastructure Project Services LLC*), 23-90055 (*In re Auto Plus Auto Sales LLC*), 20-32519 (*In re Neiman Marcus Group LTD LLC*), 20-33302 (*In re Covia Finance Company, LLC*), 20-33916 (*In re TMW Merchants LLC*), 20-31886 (*In re Sheridan Production Partners, 1-A, LP*), 22-90126 (*In re Laforta - Gestao E Investmentos*), 20-33812 (*In re Denbury Holdings, Inc.*), 20-32680 (*In re Energy Services Puerto Rico, LLC*), 22-90002 (*In re Seadrill Member LLC*), 19-32112 (*In re Jones Energy, Inc.*), 19-34508 (*In re Sanchez Energy Corp.*), 20-34500 (*In re IQOR Holdings Inc.*), 18-30155 (*In re EXCO Resources, Inc.*), 20-50082 (*In re Volusion, LLC*), 20-30336 (*In re McDermott International Inc.*), 22-90032 (*In re GWG Holdings, Inc.*), 22-90035 (*In re HONX, Inc.*).

Rule 60(b)(6) and Related Matters" ("Motion") filed on November 3, 2023.[3]  (ECF No. 2.[4])
The UST filed in each of the 34 bankruptcy cases identical motions styled as the "United States
Trustee's Motion For Relief From Judgment Or Order Pursuant To Federal Rule Of Civil Procedure
60(b)(6) And Federal Rule Of Bankruptcy Procedure 9024 Approving Any Jackson Walker
Applications For Compensation And Reimbursement Of Expenses" ("Rule 60 Motions").
(*See* ECF No. 1 at 1; ECF Nos. 1-2, *In re Pro. Fee Matters Concerning the Jackson Walker L.
Firm*, Case No. 23-645 (Bankr. S.D. Tex.).)  The UST asks the Court to withdraw the Rule 60
Motions' reference to the United States Bankruptcy Court for the Southern District of Texas
("Bankruptcy Court") and oversee the Rule 60 Motions on the same terms as the cases assigned
hereto in the United States District Court for the Southern District of Texas's ("District Court")
General Order 2023-21.  (*Id.*)[5]

The District Court received a Report and Recommendation from the Honorable Eduardo
V. Rodriguez, Chief United States Bankruptcy Judge for the Southern District of Texas on
December 22, 2023. (ECF No. 1; Case No. 23-645 at ECF No. 44.) The Court now **ADOPTS IN
PART** and **REJECTS IN PART** the Report and Recommendation and **GRANTS** the UST's
Motion. The Court **WITHDRAWS the reference** to the Bankruptcy Court of the 34 bankruptcy
proceedings, including the Rule 60 Motions.

Additionally, the UST filed a Motion for a Hearing or Status Conference on this matter.
(ECF No. 29.) The Court **GRANTS** the UST's Motion for a Hearing or Status Conference. (ECF
No. 29.)

---

[3] The Chief United States District Judge for the Southern District of Texas reassigned this action to the undersigned
on August 8, 2023.  (ECF No. 20.)

[4] The Clerk filed a copy of the Motion—originally filed as ECF No. 255, *In re Brilliant Energy LLC*, No. 21-30936
(Bankr. S.D. Tex.)—on this case's docket as ECF No. 2 on December 22, 2023.

[5] The UST also sought withdrawal of "any related matters" [ECF No. 2 at 1] and later clarified the scope of its request
in an exhibit to its R&R objections.  (ECF No. 5 at 2 n.3; ECF No. 5-1.)

# I. BACKGROUND

## A. Procedural Background

The Court adopts and incorporates herein the procedural history section of the Report and Recommendation ("R&R"). (ECF No. 1 at 2-3.) The R&R recommended denying the Motion and maintaining the Rule 60 Motions' reference to the Bankruptcy Court in all 34 cases. (*Id.* at 1-2; Case No. 23-645 at ECF No. 44.) The UST objected to the R&R on January 4, 2024. (ECF No. 5.) Jackson Walker responded to the UST's objections on January 17, 2024. (ECF No. 6.) The UST replied on January 25, 2024. (ECF No. 7.) Morton S. Bouchard, III, Individually and as Co-Trustee for the Morton S. Bouchard III 2017 Family Trust, filed a special appearance in this matter on May 9, 2024, and objected to the R&R. (ECF No. 16.) Randy W. Williams, Chapter 7 Trustee for the Chapter 7 estate of Brilliant Energy LLC, Case No. 21-30936, objected to the R&R on August 27, 2024. (ECF No. 22.) The UST filed a notice of additional motions for withdrawal of the reference in 16 additional bankruptcy cases on October 7, 2024. (ECF No. 25.) Chief Judge Rodriguez filed a Supplemental Report and Recommendation ("Supplemental R&R") on October 23, 2024. (ECF No. 26.) The UST filed objections to the Supplemental R&R on November 6, 2024. (ECF No. 27.) EXCO Resources, Inc. et al. ("EXCO") filed a separate objection to the Supplemental R&R and joined the UST's objection on November 8, 2024. (ECF No. 28.) On April 2, 2025, the UST filed a motion for a hearing or status conference on the matter. (ECF No. 29.) EXCO filed a notice of joinder in the UST's motion for a hearing or status conference. (ECF No. 30.)

# II. ANALYSIS

## A. The Report and Recommendation

The UST first argues that Bankruptcy Rule 5011(a) invalidates the Southern District's Bankruptcy Local Rule 5011-1 ("BLR 5011-1") and bars bankruptcy judges from issuing reports

and recommendations on withdrawal motions.[6] (ECF No. 2 at 5-6 (citing *In re Healthcentral.com*, 504 F.3d 775, 785 (9th Cir. 2007)).) Bankruptcy Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard *by a district judge*." (Emphasis added.) Bankruptcy judges may not enter orders on withdrawal motions under this Rule. BLR 5011-1 provides that "[a] motion to withdraw a case, contested matter, or adversary proceeding to the district court must be filed with the clerk. Unless the district court orders otherwise, the matter will first be presented to the bankruptcy judge *for recommendation*." (Emphasis added.)

The R&R rightly opined that "BLR 5011-1 only authorizes this [Bankruptcy] Court to issue a report and recommendation and does not authorize this [Bankruptcy] Court to issue any order" on a withdrawal motion. (R&R at 5.) It correctly concluded that "Bankruptcy Rule 5011(a) does not invalidate BLR 5011-1." (*Id.* at 4.) The Court finds no error in this section of the R&R and adopts and incorporates it herein.

### B. Withdrawal of the Reference

The UST asks the court to withdraw the Rule 60 Motions' reference in 34 bankruptcy cases for cause pursuant to 28 U.S.C. § 157(d).[7] (ECF No. 2; ECF No. 255, Bankr. Case No. 21-30936.) Section 157 provides for mandatory and permissive withdrawal. Withdrawal is mandatory when a claim or defense requires material and substantial consideration of non-Bankruptcy Code federal law. *See, e.g., In re OCA, Inc.*, No. CIV.A. 06-3811, 2007 WL 1728914, at *2 (E.D. La. June 13,

---

[6] The UST also argued that the District Court should decide withdrawal in the first instance, without an R&R. (ECF No. 2 at 5-7.) The UST acknowledges that the R&R's issuance mooted this challenge. (ECF No. 5 at 14-15 n.14.)

[7] Section 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *See also In re Moody*, 899 F.2d 383, 386 (5th Cir. 1990); *In re Autoseis, Inc.*, No. 14-20130, 2015 WL 4113241, at *2 (Bankr. S.D. Tex. June 1, 2015).

2007) (collecting cases); *see also In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992). The UST does not claim mandatory withdrawal applies here.

District courts may also exercise discretion to withdraw a reference "for cause shown." 28 U.S.C. § 157(d). Section 157(d) does not define "cause." *See id.* Fifth Circuit courts consider the "general principles" described in *Holland Am. Ins. Co. v. Succession of Roy* when determining whether "cause" exists. 777 F.2d 992, 998 (5th Cir. 1985) (permissive withdrawal requires a "sound, articulated foundation"); *see also Levine v. M&A Customer Home Builder & Dev.*, 400 B.R. 200, 203 (S.D. Tex. 2008); *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009) (Movant "bear[s] the burden of establishing grounds for permissive withdrawal.") These include: whether the matter is "core" or "non-core"; the goals of "promoting uniformity in bankruptcy administration"; "reducing forum shopping and confusion"; "fostering the economical use of the debtors' and creditors' resources," and "expediting the bankruptcy process"; and whether "there is a jury demand." *Holland*, 777 F.2d at 999.

An analysis of the *Holland* factors requires the recognition of the fact that this case involves numerous significant issues surrounding the Jones-Freeman relationship and Jackson Walker's knowledge and failure to disclose. Many of these issues do not concern a substantive Title 11 right and are not questions that, by their nature, could only arise in a bankruptcy case, Jones's acts as a bankruptcy judge notwithstanding. 28 U.S.C. § 157(b). Moreover, this Court is thoroughly acquainted with the facts because this action concerns many of the same facts and issues presented before this Court in other recent and ongoing litigation and arises from the same pattern of conduct. *See, e.g., Van Deelen*, 4:23-CV-3729-AM; *Bouchard*, 4:24-CV-0693-AM. Therefore, uniformity,

economy, and expediency all weigh in favor of withdrawal. Furthermore, the remaining factors are neutral.[8] Therefore, the *Holland* factors weigh in favor of withdrawal.

These factors offer guideposts toward the statutory standard, which remains simply "cause." *Id.* at 998. As such, *Holland*'s factors are not exhaustive. Beyond the *Holland* factors, the Court considers the fact that judicial proceedings must both be and appear impartial; "[w]e must continuously bear in mind that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955) (quotation omitted)); *see also* Canon 2, Code of Conduct for United States Judges (judges must avoid the appearance of impropriety). "Both the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself." *Williams v. Pennsylvania*, 579 U.S. 1, 15-16 (2016). These broad and unyielding principles teach that the appearance of bias provides "cause" to appropriately adapt judicial assignment processes to cure such concerns.

The Court knows of no reason to think that the bankruptcy judges, after November 15, 2023, who have overseen these proceedings thus far have done so other than ably and honorably, to the highest standard of judicial professionalism. No party claims otherwise. This Memorandum Order and Opinion should not be read to cast doubt on their service or on any order or decision they have made in these proceedings to date. This unique case nevertheless requires stiff measures. The need to reestablish public trust and confidence in the court system alone impels withdrawal in this highly unusual case.

---

[8] While a claim to disgorge fees concerns the administration of the estate as an action to recover property of the estate (see *In re Uplift Rx, LLC*, No. 17-32186, 2023 WL 3035346, at *5 (Bankr. S.D. Tex. Jan. 19, 2023)), this case involves numerous atypical circumstances that require an analysis of non-bankruptcy issues. Therefore, the "core" or "non-core" factor is neutral. Additionally, the R&R found the forum shopping factor to be neutral, and this Court finds no error in the Report and Recommendation's section on this factor. (*Id.* (citing *City Bank v. Compass Bank*, 2011 WL 5442092, at *6 (W.D. Tex. Nov. 9, 2011).) The Court accordingly adopts and incorporates that section herein. Finally, no party demands a jury trial, therefore, this factor is neutral.

6

## C. The Status Conference

In conjunction with the Court's withdrawal, the Court finds that a status conference is necessary in order to discuss what procedural avenues these cases should follow moving forward— specifically, which issues are best decided by this Court or the Bankruptcy Court.

### III. CONCLUSION

Therefore, having considered the UST's Motion, the Bankruptcy Court's Report and Recommendation, the relevant law, and the objections and responding briefs, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendation as set forth herein. (ECF No. 1.)

Considering the facts that gave rise to these proceedings, and the Court's desire to promote uniformity, economy, and expediency, this Court finds the references to the bankruptcy courts should be terminated.

The Court **GRANTS** the UST's Motion for Withdrawal of the Reference. (ECF No. 2.)

The Court **WITHDRAWS the REFERENCE** of each of the 34 bankruptcy cases. **All orders** entered in these cases thus far, including those concerning discovery, **STAND** unless and until this Court, or a court to which this Court later refers or reassigns a particular matter, orders otherwise.

The Court **GRANTS** the UST's Motion for a Status Conference. (ECF No. 29.) An order will be forthcoming to set the date and time.

SIGNED and ENTERED on this 9th day of April 2025.

_____
**ALIA MOSES**
Chief United States District Judge

7

# EXHIBIT B

**To:** Dunne, Dennis[DDunne@milbank.com]; ALeblanc@milbank.com[ALeblanc@milbank.com]; Reimer, Eric[EReimer@milbank.com]

**Cc:** Yenamandra, Aparna[aparna.yenamandra@kirkland.com]; David S. Kurtz (david.kurtz@lazard.com)[david.kurtz@lazard.com]; Marcus, Christopher[cmarcus@kirkland.com]

**From:** Sussberg, Josh[/O=KIRKLAND-ELLIS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=JOSHUA SUSSBERG]

**Sent:** Fri 9/11/2020 8:00:18 AM Central Daylight Time

**Subject:** FW: JCP -Marked TS/Illustrative recovery analysis

**Attachment:** Illustrative Credit Bid Exhibit.pdf

**Attachment:** JCP Credit Bid Term Sheet-4842-4103-9561-v10-4823-7561-5178-v3.docx

**Attachment:** Redline - JCP Credit Bid Term Sheet-4842-4103-9561-v10-4823-7561-5178-v1 and JCP Credit Bid Term Sheet-4842-4103-9561-v10-4823-7561-5178-v3.pdf

This is from the Akin group. I am sure this is inconsistent with how Brigade has been pushing the recovery to the DIP. We understand the DIP is trading at 170 and the prepetition traded down to 30.

This deal, and all of our trade partners who we have spent the last few days reenergizing, will fall apart in the face of an over the top pleading from Akin. And notwithstanding this, Akin has made comments that if they cannot get fair and equitable treatment and the deals fails and people get zero, so be it. We understand Milbank has advised the steering committee that there are good arguments to support the treatment proposed in the credit bid term sheet. I personally do not see it and think the Judge is having buyer's remorse over the roll-up; as soon as he hears about this (Akin intends to raise Monday), we open up a huge can of worms. The Committee is already focused on issues relating to the DIP and the total amount of cash received vs roll-up, having mused many times that it may seek to take another look at the order.

Absent engagement and resolution today/over the weekend, we are going to reach out to chambers to line up Judge Isgur to mediate this early next week. We simply can't get let greed stand in the way of 70,000 jobs.

Josh Sussberg, P.C.

KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
T +1 212 446 4829 M +1 646 522 3225

jsussberg@kirkland.com

**From:** Dublin, Philip <pdublin@AkinGump.com>
**Sent:** Thursday, September 10, 2020 3:13 PM
**To:** Sussberg, Josh <jsussberg@kirkland.com>; Yenamandra, Aparna <aparna.yenamandra@kirkland.com>; Kurtz, David (External) <david.kurtz@lazard.com>; Mesterharm, Jim <JMesterharm@alixpartners.com>; DPaganis@alixpartners.com; Weitz, Michael <michael.weitz@lazard.com>; Tempke, Christian <christian.tempke@lazard.com>
**Cc:** *idizengoff@akingump.com <idizengoff@akingump.com>; Fisher, Daniel <dfisher@akingump.com>; Badini, Doug <dbadini@akingump.com>
**Subject:** JCP -Marked TS/Illustrative recovery analysis

Subject to FRE 408

For Discussion and Settlement Purposes Only

Attached, subject to further internal and client review and comment in all respects, is a marked version of the Credit Bid Term Sheet reflecting the construct that we discussed earlier today that we believe would provide the opportunity for a fair and equitable recovery to the holders of DIP and 1L claims. Also attached is an illustrative recovery analysis based on the Credit Bid term sheet and the Company's cleansing information showing the material overpayment to the DIP Lenders under the Credit Bid term sheet. Please let us know when you are available to discuss. Thanks, Phil

**Philip C. Dublin**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.8083 | Internal: 38083

Fax: +1 212.872.1002 | pdublin@akingump.com | akingump.com | Bio

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.